JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: EDCV 15-01043-JLS (MRWx)  Date: September 23, 2015
Title: Scott N. Carter et al. v. Nadador LLC et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
   Not Present                                                              Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT, AND REMAND CASE TO STATE COURT (Doc. 13)**

    Before the Court is a Motion to Amend Complaint, and Remand Case to State Court, filed by Plaintiffs Scott N. Carter, Linda M. Carter, and Michael J. Carter. (Mot., Doc. 13.) Defendant Nadador, LLC filed an Opposition, and Plaintiffs submitted the Declaration of Scott N. Carter in reply. (Opp'n, Doc. 17; Carter Decl., Doc. 18.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. The hearing on the Motion, scheduled for September 25, 2015, at 2:30 p.m., is therefore VACATED. For the reasons stated below, the Court GRANTS Plaintiffs' Motion, and REMANDS this case to Riverside County Superior Court, Case No. PSC 1501415.

**I.   Background**

    Plaintiffs filed this action in Riverside County Superior Court on March 26, 2015, against Defendant Nadador, LLC and The Residence Club at PGA West. (Compl., Doc. 1-2.) The Complaint asserted five causes of action: (1) fraud; (2) intentional

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: EDCV 15-01043-JLS (MRWx)                    Date: September 23, 2015
Title: Scott N. Carter et al. v. Nadador LLC et al.

concealment; (3) rescission; (4) violation of the Vacation Ownership & Timeshare Act of 2004; and (5) breach of contract. (Id. ¶¶ 14-52.)

On April 29, 2015, the state court dismissed with prejudice The Residence Club. (Notice of Removal ¶ 2, Doc. 1.) On May 27, 2015, Nadador removed the action to this Court on the basis of diversity jurisdiction. (*See generally* id.)

On August 14, 2015, Plaintiffs filed the present Motion, seeking to add Christine Kiener – whom Plaintiffs allege was the project director for Nadador when Plaintiff purchased the time share interest that is at issue in this case – as a named defendant.[1] (Mot. at 3.) Plaintiffs seek to assert the same causes of actions against Kiener because Kiener allegedly was "the principal person responsible for the representations which gave rise to this action." (Id. at 5.) Because the addition of Kiener would destroy diversity, Plaintiffs also seek to remand this case to Riverside County Superior Court. (Id. at 6.)

**II.    Amendment**

Where, as here, a plaintiff seeks to join additional defendants after removal "whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In determining whether to permit joinder under § 1447(e), courts consider:

> (1) whether the party sought to be added would be a necessary party to be joined under Federal Rule of Civil Procedure 19(a); (2) whether the plaintiff would be prejudiced; (3) whether the joinder was timely; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid.

---

[1] Nadador, on the other hand, contends that "Kiener was an independently contracted real estate broker in charge of sales and marketing for The Residence Club." (Opp'n at 1.)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: EDCV 15-01043-JLS (MRWx) | Date: September 23, 2015 |
| Title: Scott N. Carter et al. v. Nadador LLC et al. | |

*Negrete v. Meadowbrook Meat Co.*, No. ED CV 11–1861 DOC (DTBx), 2012 WL 254039, at *2 (C.D. Cal. Jan. 25, 2012) (collecting cases).

      The Court has considered each of the above-enumerated factors, and concludes that joinder is appropriate in this case. While Kiener is likely not a necessary party under Rule 19 and the statute of limitations has not yet run on the filing of an independent action against them in state court, (*see* Opp'n at 2-3), each of the remaining factors weigh in favor of joinder.

      First, the Court is not persuaded that Plaintiffs seek to add Kiener as a named defendant solely for the purpose of defeating federal jurisdiction. In their original Complaint, Plaintiffs alleged that "*defendant* Christine Kiener . . . is an individual residing in the Coachella Valley and at all time was the project director for Nadador in connection with its sale of The Residence Club." (Compl. ¶ 6 (emphasis added); *see also* id. ¶ 7 (alleging that "Kiener was acting as the agent for the co-defendants and [] her actions and representations . . . were made and said with the knowledge and consent of *her co-defendants*") (emphasis added).) In their Motion, Plaintiffs assert that "it was only as a result of an error in the caption of the original [C]omplaint that resulted in this case being removed, since the body of the [C]omplaint clearly stated that Kiener was intended to be a 'defendant.'" (Mot. at 5.) Based on the allegations included in the Complaint, the Court cannot say that Plaintiffs seek to add Kiener as a defendant solely for the purpose of defeating federal jurisdiction.

      Second, though Nadador contends that "Plaintiffs have unreasonably delayed in adding Kiener as a [d]efendant," (Opp'n at 3), Plaintiff's proposed joinder is timely.[2] Plaintiff filed the present Motion less than three months after Nadador removed the action to this Court and filed its Answer. (Notice of Removal; Answer, Doc. 4.) Moreover, this litigation has been pending for less than five months.

---

[2] Nadador asserts that, on May 19, 2015, Nadador's counsel asked Plaintiffs' counsel whether Kiener had been served, and, in response, Plaintiffs' counsel replied that Kiener was not a defendant. (*See* Opp'n at 3.) However, Nadador has failed to submit any e-mails or other evidence, other than a declaration from its counsel, to support this contention . (*See* Strickroth Decl. ¶ 2, Doc. 17-1.)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: EDCV 15-01043-JLS (MRWx) | Date: September 23, 2015 |
| Title: Scott N. Carter et al. v. Nadador LLC et al. | |

Third, the claims Plaintiffs seek to assert against Kiener seem valid. In their original Complaint, Plaintiffs referred to Kiener as a "defendant" and alleged that she acted "with the knowledge and consent of her co-defendants." (Compl. ¶¶ 6-7.) Based on Kiener's alleged position at Nadador and role in the sale at issue in this case, the proposed First Amended Complaint seeks to add Kiener as a named defendant and assert the same causes of action against Kiener as Plaintiffs assert against Nadador.

Finally, Plaintiffs will suffer prejudice if its Motion is denied because they will face the "Hobson's choice" of "(1) engaging in redundant litigation in state court arising out of the same facts and involving the same legal issues; or (2) foregoing its potential claims against [Kiener]." *Negrete*, 2012 WL 254039, at *9 (internal citations and quotation marks omitted). Nadador, on the other hand, will not suffer prejudice from the addition of Kiener, as the new claims against Kiener do not affect Nadador, nor do they change the allegations to which Nadador responded. Remand to the state court is not prejudice. *Cf. Hughes v. Promark Lift, Inc.*, 751 F. Supp. 985, 987 (S.D. Fla. 1990) ("The mere fact that a Defendant faces the prospect of a trial in state court is insufficient in itself to demonstrate legal prejudice.")

Accordingly, Plaintiffs' request to amend is GRANTED.

### III. Required Remand

Once a district court joins a non-diverse defendant under § 1447(e), remand becomes mandatory. *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004). Therefore, this case must be remanded to the state court.

### IV. Conclusion

For the foregoing reasons, Plaintiffs' Motion (Mot., Doc. 13) is GRANTED, and Plaintiffs' proposed First Amended Complaint is deemed filed. (Mot., Ex. A, Doc. 13.) The Court further ORDERS that this case be REMANDED to Riverside County Superior Court, Case No. PSC 1501415.